NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., a Delaware Corporation,<br><br>         *Plaintiff*,<br><br>         v.<br><br>NEIL KAMAL, INC., a Pennsylvania corporation; BABUBHAI R. PATEL, an individual; and SANGEETA B. PATEL, an individual,<br><br>         *Defendants.* | Civil No.: 19-cv-17175 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

    **I.**    **Introduction**

This matter comes before the Court on the motion (D.E. 11) of plaintiff Days Inn Worldwide, Inc. ("Days Inn") for default judgment against defendants Neil Kamal, Inc. ("NKI"), Babubhai R. Patel, and Sangeeta B. Patel (together, the "individual defendants," and with NKI, "defendants"). Days Inn alleges that NKI breached a franchise agreement governing operation of a Days Inn hotel and that the individual defendants breaches their guaranty of that agreement.

    **II.**    **Background**

The complaint alleges as follows. Days Inn is a Delaware corporation with its principal place of business in New Jersey. (D.E. 1, Compl. ¶ 1.) NKI is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* ¶ 2.) The individual defendants are also citizens of Pennsylvania. (*Id.* ¶¶ 3-4.) Days Inn and NKI entered into a franchise agreement in April 2008, amended in 2016, whereby NKI would operate a 136-room Days Inn hotel in Carlisle, Pennsylvania. (*Id.* ¶ 9 & Ex. A, B.) The franchise agreement called for NKI to, among

1

other obligations, operate the hotel for a 15-year term, pay various fees (called "Recurring Fees") throughout the life of the agreement, keep accurate books and records, submit monthly reports, and pay interest on past due amounts. (*Id.* ¶¶ 10-14 & Ex. A.) The agreement also provided that Days Inn could terminate the agreement on notice to NKI if the latter discontinued operating the facility as a Days Inn hotel or lost possession or the right to possession of the facility, in which event NKI would be liable for liquidated damages as set forth in the agreement; *i.e.*, in an amount no less than $2,000 per room. (*Id.* ¶¶ 15-16 & Ex. A §§ 11.2, 12.1.) The individual defendants signed a guaranty obligating them to perform NKI's obligations under the franchise agreement in the event of NKI's default. (*Id.* ¶¶ 18-19 & Ex. C.)

On or about December 27, 2018, NKI ceased to operate the facility as a Days Inn hotel, leading to the termination of the franchise agreement. (*Id.* ¶ 21 & Ex. A § 11.2.) In a letter dated January 18, 2019, Days Inn confirmed receipt of a letter from NKI's counsel advising that NKI intended to stop operating the hotel as a Days Inn facility. (*Id.* ¶ 22 & Ex. D.) The letter acknowledged the termination of the franchise agreement as of December 27, 2018, and demanded payment of $272,000 in liquidated damages, as well as payment of outstanding Recurring Fees. (*Id.*, Ex. D.)

Days Inn filed suit on August 26, 2019 against defendants, invoking federal diversity jurisdiction. (D.E. 1.) Its complaint asserts claims for an accounting from inception through the termination of the franchise agreement (count 1, against NKI); breach of contract for NKI's failure to pay liquidated damages upon termination of the franchise agreement (count 2, against NKI); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the agreement (count 3, against NKI); breach of contract, for NKI's failure to

remit Recurring Fees (count 4, against NKI); unjust enrichment, also for NKI's failure to remit Recurring Fees (count 5, against NKI); and breach of the guaranty by the individual defendants (count 6, against the individual defendants).

Defendants were timely served.  (D.E. 5.)  Through counsel, defendants secured an extension of time until October 10, 2019, to answer the complaint.  (D.E. 6, 7.)  Defendants did not ultimately file a response to the complaint, and have not otherwise taken any action to defend this case.  Default was entered against them on October 30, 2019.

Days Inn subsequently filed its motion, which is unopposed, for default judgment against defendants.  (D.E. 11.)  In support of its motion, Days Inn submitted a certification of counsel (D.E. 11-2), and the Affidavit of Suzanne Fenimore, the Senior Director of Contracts Compliance for Days Inn (D.E. 11-3) ("Fenimore Affidavit").  Days Inn seeks a judgment in the amount of $484,836.29, representing $315,461.36 in liquidated damages (comprising principal plus prejudgment interest), plus $169,374.93 in Recurring Fees (comprising principal plus prejudgment interest).

### III.   Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly-served defendant who does not file a timely responsive pleading.  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.).  Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion."  *Id.*  In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged

3

facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).  The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served.  *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, 2019 U.S. Dist. LEXIS 120607, at *5 (D.N.J. July 19, 2019) (Vazquez, J.)

**IV.  Analysis**

Here, the Court has subject matter jurisdiction in view of the parties' complete diversity and the amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  Defendants consented to personal jurisdiction in this Court.  (Compl., Ex. A § 17.6.3 & Ex. C.)  The proof of service Days Inn filed demonstrates that NKI was duly served via its registered agent.  (D.E. 5).  *See* Fed. R. Civ. P. 4(h).  Sangeeta Patel was personally served, and Babubhai Patel was served via a resident person of suitable age and discretion (*i.e.*, Sangeeta Patel) at his dwelling or usual place of abode.  (D.E. 5.)  *See* Fed. R. Civ. P. 4(e)(2)(A)-(B).  Despite obtaining an extension of time to do so, defendants never answered or otherwise responded to the complaint, and default was entered by the Clerk.  The threshold requirements for entry of default judgment, therefore, have been satisfied.

Days Inn has also stated a claim for breach of contract against NKI and the individual defendants for breaching the franchise agreement and guaranty, respectively, and no meritorious defense is evident from the record. To state a claim for breach of contract under New Jersey law, a plaintiff must establish that (1) a valid contract exists between the parties, (2) the defendant failed to perform its obligations under that contract, and (3) the plaintiff suffered damages as a result. *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007). Here, accepting Days Inn's factual allegations as true, defendants had valid contracts (the franchise agreement and guaranty) with Days Inn to, among other obligations, operate a Days Inn hotel for 15 years, pay liquidated damages in the event of a premature termination, and remit various fees throughout the life of the agreement. As demonstrated in the Fenimore Affidavit, NKI breached the agreement by prematurely ceasing to operate as a Days Inn hotel, failing to pay the liquidated damages, and failing to remit the required fees. The individual defendants failed to render performance when NKI defaulted on its obligations. These breaches caused Days Inn damages. Accordingly, Days Inn has stated a claim in counts 2, 4, and 6.[1]

The remaining factors also weigh in favor of granting the requested judgment. Defendants' failure to appear or to file any response to the complaint has prevented Days Inn from prosecuting this action and obtaining relief, to its prejudice. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *5 (D.N.J. Mar. 30, 2015) (McNulty, J.); *Travelodge Hotels, Inc. v. Seaside Hospitality, LLC*, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.). And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability'" in the default. *Travelodge*, 2016 WL 5899281, at

---

[1] Days Inn is not seeking judgment or relief on its claims for an accounting (count 1), actual damages (count 3), or unjust enrichment (count 5). Accordingly, the Court need not evaluate the legal sufficiency of these claims.

*4 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)).  No such evidence of a reason other than defendants' "willful negligence" is present here.  *See id.*

With respect to damages, Days Inn seeks a total of $484,836.29, consisting of: (1) $315,461.36 for liquidated damages (consisting of $272,000 plus interest), and (2) $169,374.93 in Recurring Fees (including interest).  Days Inn's request for liquidated damages is grounded in section 12.1 of the franchise agreement, which requires payment of liquidated damages in the amount of no less than $2,000 per authorized guest room, of which there were 136 here, and in section 7.3, which imposes interest of 1.5% per month on past due amounts beginning 30 days after termination.  Days Inn has also submitted, with the Fenimore Affidavit, an itemized statement setting forth the basis for the amount of Recurring Fees sought.  (*See* Fenimore Aff. & Ex. E.)  Days Inn, therefore, is entitled to judgment against defendants in the amount sought.

### V.     Conclusion

For the foregoing reasons, the Court will grant Days Inn's motion (D.E. 11) for default judgment against defendants. An appropriate order and judgment will follow.

Date: July 2, 2020

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J