<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., a Delaware Corporation,<br><br>　　　　　　　*Plaintiff*,<br><br>　　　v.<br><br>NEIL KAMAL, INC., a Pennsylvania corporation; BABUBHAI R. PATEL, an individual; and SANGEETA B. PATEL, an individual,<br><br>　　　　　　　*Defendants*. | Civil No.: 19-cv-17175 (KSH) (CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.　　Introduction**

　　In this hotel franchise litigation, plaintiff Days Inn Worldwide, Inc. ("Days Inn"), the franchisor, sued franchisee Neil Kamal, Inc. ("NKI") and individual defendants Babubhai R. Patel and Sangeeta B. Patel, who guarantied NKI's obligations under the franchise agreement. Days Inn asserted breach of contract and related claims. In July 2020, the Court granted Days Inn's motion for default judgment and entered judgment in the amount of $484,836.29 against defendants jointly and severally. Nearly two years later, in March 2022, defendants moved to vacate the default judgment under Fed. R. Civ. P. 60(b)(1), citing excusable neglect. (D.E. 14.) Days Inn has opposed. For the reasons set forth below, the motion will be denied.

**II.　　Background**

　　The nature of the dispute is set forth in the Court's prior opinion. (D.E. 12.) Briefly, Days Inn alleged that it entered into a franchise agreement with NKI in 2008, which was amended in 2016, under which NKI would operate a Days Inn hotel in Carlisle, Pennsylvania.

Among other obligations, NKI was required to operate the hotel for 15 years, pay various "recurring fees," keep accurate books and records, and submit monthly reports. The individual defendants signed a guaranty obligating them to perform in the event of NKI's default. When NKI stopped operating the hotel in December 2018, Days Inn demanded that it pay specified liquidated damages and recurring fees. Ultimately, Days Inn filed suit against defendants on August 26, 2019, seeking an accounting and asserting various claims for breach of contract and unjust enrichment. (D.E. 1.) Through counsel, defendants sought and obtained an extension of time to answer or otherwise respond to the complaint. (D.E. 6, 7.) Despite the extension, defendants never filed a response to the complaint and, until the recent motion to vacate, took no action whatsoever to participate in the case. The clerk entered default against them on October 30, 2019, and Days Inn moved for default judgment on November 15, 2019. (D.E. 11.) It sought judgment in the amount of $484,836.29, representing $315,461.36 in liquidated damages (comprising principal plus prejudgment interest), plus $169,374.93 in recurring fees (comprising principal plus prejudgment interest).

Having received no opposition, and having reviewed and considered the motion record, the Court granted the requested relief on July 2, 2020. (D.E. 12.) The Court concluded that the various procedural requisites – proper service, personal jurisdiction, and subject matter jurisdiction – had all been satisfied and that Days Inn properly stated a claim for breach of contract against NKI for breach of the franchise agreement and against the individual defendants for breach of the guaranty. The Court further concluded that no meritorious defense was evident; that defendants' failure to participate in the litigation had prevented Days Inn from pursuing the case or obtaining relief, to its prejudice; and that defendants' failure to respond evinced their culpability in the default. Finally, the Court held that the record sufficiently supported the

amount of damages Days Inn sought. Judgment was entered the same day. (D.E. 13.)

On March 9, 2022, represented by the same attorney, defendants filed this motion to vacate the default judgment. (D.E. 14.) Invoking Fed. R. Civ. P. 60(b)(1), they contend that their counsel's inattention to this matter based on personal difficulties amounts to excusable neglect, and that they have a meritorious defense and Days Inn would not be prejudiced because the judgment was issued on procedural grounds rather than on the merits. (D.E. 14-1, Moving Br. 2.)[1] Acknowledging that Rule 60 requires motions under subsection (b)(1) to be brought within a year, defendants nonetheless argue that the Court should "view the totality of the circumstances of the timing and not allow that to be the sole determining factor" because of "the onset of COVID" and counsel's own difficulties. (*Id.* at 3.)

Submitted in support of the motion is counsel's certification describing mental health issues he experienced during the period encompassing the Court's entry of judgment in this case, which he asserts prevented him from meeting his obligations. (D.E. 14-1, Fusco Cert. ¶¶ 2-4.) He further attests that he is "in the process of winding up the litigation portion of [his] practice and completing the process of rectifying [his] mistakes." (*Id.* ¶ 5.) In a proposed answer accompanying the motion, defendants seek to bring a counterclaim and third-party complaint alleging that Days Inn and its parent company flooded the market with additional hotel franchises in defendants' service area that harmed defendants and amounted to, *inter alia*, breach of the parties' contract. (*See* D.E. 14-1, Proposed Answer.)

Opposing, Days Inn argues (D.E. 17, Opp. Br.) that the motion is untimely. It further contends that vacating the judgment would be prejudicial to it because it had expended time and

---

[1] Docket entry 14-1 includes a brief, a certification of counsel, and a proposed answer to the complaint with defenses and a counterclaim and third-party complaint. As the brief is not paginated, page references to that submission refer to those assigned by the CM/ECF system.

money to secure the judgment, domesticate it in Pennsylvania, and acquire liens on defendants' properties; it also cites the risk that documents and witnesses will be harder to locate if the litigation were reopened at this late date.  Additionally, Days Inn argues that defendants still have not offered a meritorious defense to its claims, describing their proposed counterclaim and third-party complaint as "devoid of any factual support or legal merit." (*Id.* at 2.)  Finally, Days Inn places the blame on defendants themselves, arguing that they failed to participate in their defense for two and a half years despite having "received notice that Final Judgment was entered and [Days Inn] began and completed efforts to domesticate the Final Judgment in Pennsylvania and lien Defendants' property." (*Id.*)

### III.     Legal Standard

Under Fed. R. Civ. P. 55(c), a final default judgment may be vacated under Fed. R. Civ. P. 60(b).  Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Under Rule 60(c)(1), motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment . . . ."

Although the Third Circuit has expressed its preference for cases to be decided on the merits rather than on a default basis, and "doubtful" cases should be resolved in favor of vacating

default, whether relief is granted "is left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). How that discretion should be exercised under Fed. R. Civ. P. 60(b)(1), which defendants invoke here, is guided by (1) whether the plaintiff would be prejudiced by that relief; (2) whether the defendant possesses a meritorious defense; and (3) whether the default resulted from culpable conduct by defendant. *Id.* at 195. As a general matter, Rule 60 aims to "'strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Kean v. Cedar Works Playsets*, 2021 WL 71592, at *2 (D.N.J. Jan. 8, 2021) (Wigenton, J.) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)).

## IV.     Discussion

Defendants argue that counsel's inattention to this matter due to his mental health conditions amounted to "excusable neglect" under Rule 60(b)(1). But as defendants themselves recognize, the Court may only vacate a judgment on this ground when the motion is made within one year of the judgment's entry. Fed. R. Civ. P. 60(c)(1). Their motion was filed more than 20 months after entry of judgment and is therefore time barred. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (relief unavailable under Rule 60(b)(1) where motion filed over a year after judgment was entered); *Estate of Hernandez v. Kretz*, 2015 WL 4392366, at *2-3 (D.N.J. July 15, 2015) (Shipp, J.) (defendant attorney's mental health impairments sounded in excusable neglect, and motion on that ground was time-barred where filed two years after entry of judgment). Defendants offer no support for their contention that instead of applying the time bar expressly set forth in the rule, the Court should "view the totality of the circumstances" (to include "the onset of COVID and the problems of counsel" (Moving Br. 3)), and the Court rejects that approach. *See, e.g.*, *Christian v. Newfound Bay*, 103 F. App'x 447, 449-50 (3d Cir.

2004) (declining to address substantive argument made under Rule 60(b)(1) where motion was untimely); *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971) (same).

The motion fares no better even if the Court construes defendants' "totality of the circumstances" argument as seeking relief under Rule 60(b)(6), which permits vacating final judgment for "any other reason that justifies relief" if the motion is filed within a "reasonable time" (rather than within one year).[2]  First, it is well-established that subsection (b)(6) is "not intended as a means by which the time limitations of Rule 60(b)(1)-(3) may be circumvented." *Stradley*, 518 F.2d at 493.  Relief is "only available where the other subsections of Rule 60(b) do not apply." *Williams v. City of Erie Police Dep't*, 639 F. App'x 895, 898 (3d Cir. 2016).  Here, the argument defendants have offered in support of vacating the judgment – their attorney's personal challenges – falls under the "excusable neglect" umbrella. *See, e.g.*, *Kean*, 2021 WL 71592, at *3 (considering attorney's "physical and mental health challenges" as part of excusable neglect analysis); *Hernandez*, 2015 WL 4392366, at *2 (attorney litigant's "assertions that he was impaired because of depression and ADHD speak to excusable neglect").  Dressing up this justification as a Rule 60(b)(6) argument would impermissibly circumvent subsection (b)(1)'s time limit.

Second, the motion was not filed within a "reasonable time."  That conclusion is supported not only by the length of the delay (*i.e.*, approximately 20 months), *accord Hernandez*, 2015 WL 4392366, at *3 (lapse of nearly two years was not "reasonable time"), but by events that happened in the interim.  Days Inn filed its motion for default judgment on November 15, 2019, and its certification of service indicates that the motion was sent to defense counsel—and

---

[2] There is no argument or indication in the record that the grounds in Rule 60(b)(2) through (5) have any application here.

6

to defendants themselves.  (*See* D.E. 11 at 4.)  Despite the passage of nearly eight months between that filing and the Court's entry of judgment on July 2, 2020, neither defendants nor their counsel submitted opposition or took any steps whatsoever to participate in this litigation.[3]

Additionally, Rule 60(b)(6) "'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'"  *Hernandez*, 2015 WL 4392366, at *1 (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)).  "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citation omitted).  The reason belatedly offered here has been held insufficient to satisfy this standard.  *See Kean*, 2021 WL 71592, at *3 (counsel's "physical and mental health challenges" did not constitute "extraordinary circumstances" under Rule 60(b)(6)).  And again, defendants were sent a copy of the default judgment motion and there is no indication that they took any action whatsoever in response.  *Accord In re Subramanian*, 245 F. App'x 111, 117-18 (3d Cir. 2007) (affirming denial of relief under Rule 60(b)(6) where defendants received notice of default judgment motion and failed to make any inquiries, and there was no indication that counsel misrepresented status of case to them).  These facts are such that the Court concludes the hardship of a judgment being entered against defendants is neither "extreme" nor "unexpected" and relief from it is not warranted.

---

[3] Days Inn's attorney certified that this Court's judgment was registered in two Pennsylvania counties in February 2021, over a year before defendants filed the instant motion.  (D.E. 17-1, Couch Cert. ¶ 14.)  Its brief also notes that liens were placed on defendants' Pennsylvania property and implies that this was done simultaneously with domestication of the judgment (Opp. Br. at 1, 2, 7, 8, 11), although the certification is silent on the liens aside from invoking them as a category of fees and costs expended by Days Inn (Couch Cert. ¶ 16).  Although defendants' silence in the face of these judgment enforcement efforts would further emphasize the dilatoriness of their motion to vacate, Days Inn's submission does not clearly indicate that defendants were on notice of these enforcement efforts.

## V.     Conclusion

      Defendants' motion to vacate the final judgment entered by default is denied.  An appropriate order will follow.

Date: November 30, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J